SCHROEDER, J. pro tem, concurring in part and dissenting in part:
I concur in that part of the Opinion that reverses the Commission decision that "the most appropriate way to measure permanent disability based on a loss of earning capacity per Idaho Code Section 72-425 and Idaho Code Section 72-430 is to evaluate disability without reference to such injured worker's immigration status." Clearly his status as a person in this country illegally is a pertinent non-medical factor.
I dissent from that portion of the Opinion which remands the case for a further hearing and determines that Otero and Diaz were erroneously decided. This case should conclude the proceedings with a determination that Mr. Marquez is not entitled to permanent benefits. Part 2 of the stipulated facts states: "Marquez had no legal access to the Idaho or United States labor market." That stipulation should end the case. Without dispute, the only way he could establish a right to the future benefits sought would be to prove that he could violate the law, e.g. steal still another person's identity, and obtain employment from a complicit employer who would also violate the law, as his last employer has done. He has obtained the Worker's Compensation benefits to which he is entitled and which the legislation made available to him-in the area of $127,000.00. That's where this case should stop.
Calling Mr. Marquez an "undocumented immigrant" glosses over the reality that he is in the country illegally and has obtained employment through the artifice of stealing the identity of another or two other people. He has purchased the social security number of a real person and used it without regard to the adverse consequences that might fall on that person. His employer has been complicit in this conduct, telling him to get another social security number when the fact was exposed that he had stolen the identity of another person by use of that person's social security number. This record does not show what consequences the victim (victims) may have or will suffer from the identity theft. It takes little imagination to picture IRS and debtor/creditor difficulties. In this mix his *1019 employer has benefitted by knowingly employing the illegal worker while likely competing with other businesses that may follow the law. On this record any determination of a future employment market must depend on the Commission and ultimately this Court accepting the continuing cycle of illegal conduct by the employee and often the employer. The Commission should not, and certainly this Court should not, make a decision accepting illegal conduct as a basis for an award of future benefits. Mr. Marquez has received the benefits the Legislature could reasonably expect him to receive. But the door should close based on the stipulation he "had no legal access to the Idaho United States labor market." The prior Commission decisions in Otero and Diaz got it right.